IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA,
WEST PALM BEACH

COMPREHENSIVE HEALTH CARE )
SYSTEMS OF THE PALM BEACHES, )
INC., a Florida corporation, individually )
and as the representative of a class of )
similarly-situated persons, )
          ) Case No.  16-cv-81762
        Plaintiff, )
          ) Hon. William P. Dimitrouleas
   v. )
          ) Mag. Judge Lurana S. Snow
LOCUMS, INC., and JOHN DOES 1-12 )
          )
        Defendants. )

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff Comprehensive Health Care Systems of the Palm Beaches, Inc., by counsel, pursuant to Fed. R. Civ. P. 55 and the Court's order of June 16, 2017, ECF 36, respectfully moves for entry of default judgment in its favor and against Defendant Locums Inc..  In support, Plaintiff states:

    1. This is a case alleging that Defendant Locums Inc. ("Defendant") violated the Telephone Consumer Protection Act ("T.C.P.A"), 47 U.S.C. § 227, by sending one or more faxed advertisements to Plaintiff without prior permission and without a compliant "opt out" notice.

2. On June 16, 2017, the Court ordered Plaintiff to file a motion for default judgment by no later than June 26, 2017. ECF 36.

3. Plaintiff seeks a Default Judgment against Defendant totaling $1,500.00, comprising the statutory damages of $500.00 provided under the TCPA, trebled to $1,500.00 by virtue of the fact that Plaintiff alleged, and Defendant has defaulted in its obligation to respond, that Defendant's TCPA violation was knowing and willful.

4. "The TCPA prohibits "any person within the United States ... from us[ing] any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement" unless the sender (1) has an established business relationship with the recipient or obtained prior permission to send the advertisement or (2) the recipient agreed to make its fax number available for public distribution. 47 U.S.C. § 227(b)(1)(c). The statute authorizes $500.00 in damages for each unsolicited fax advertisement. 47 U.S.C. § 227(b)(3). If the Court determines that the defendant "willfully or knowingly" violated the statute, the Court may, in its discretion, treble the damages." *Jackson Five Star Catering, Inc. v. Beason,* No. 10-10010, 2013 WL 5966340 at *5 (S. D. Mich. Nov. 8, 2013).

5. Consent and established business relationship are treated as affirmative defenses under the TCPA. *Bridging Communities, Inc. v. Top Flite Financial Inc.,* 843 F.3d 1119, 1125 (6th Cir. 2016); *MDC Acquisition Co. v. Traveler's Property Cas. Co.,* 545 Fed. Appx. 398, 401 (6th Cir. 2013).

6. Moreover, under the TCPA and applicable Federal Communication Commission regulations, a fax advertisement must contain a compliant opt out notice so that recipients can opt to stop receiving the fax advertisements. *Spine and Sports Chiropractic, Inc. v ZirMed, Inc.,* No. 3:3-13-CV-00489-TBR, 2014 WL 2946421 at \*16 (W.D. Ky. 30 June 2014). The "opt out" requirement applies even if the recipient is an existing customer or has consented to receive the fax advertisement. *Id.*

7. Here, as alleged in the Complaint, the fax advertisement at issue was received on Plaintiff's fax machine and advertised Defendant's goods and services. ____ The faxes were unsolicited. _____ There is no evidence of any established business relationship. Moreover, the faxes do not contain an "opt out" notice fully compliant with law. ECF 1-1.

8. Accordingly, Defendant's fax violated the TCPA.

9. A person injured as a result of a TCPA violation may receive statutory damages of "$500 in damages for each such violation." 47 U.S.C. § 227(b)(3)(B). At a minimum, Plaintiff is entitled to $500.00 in statutory damages for Defendant's unlawful fax advertisement. If the court finds that the violation was knowing or wilful, the damages may be raised to $1,500 per violation. 47 U.S.C. § 227(b)(3).

10. Plaintiff submits that the Court should find the violation here willful. The Complaint alleges that the violation was willful and knowing, and Defendant has not disputed that.

11. As the prevailing party, Plaintiff is entitled to an award of the taxable costs of filing this suit against Defendant, plus costs of service of process, and requests that the Court include such taxable costs in its Order of Default Judgment, and order the Clerk of the Court to tax such costs in Plaintiff's favor.

WHEREFORE, Plaintiff respectfully requests that the Court enter default judgment in its favor against Defendant Locums Inc. in the amount of $1,500.00, together with taxable costs, such judgment to accrue interest in accordance with federal law.

Dated: June 26, 2017         Respectfully submitted,

COMPREHENSIVE HEALTH CARE SYSTEMS OF THE PALM BEACHES, INC., individually and as the representative of a class of similarly-situated persons,

By:  /s/ Phillip A. Bock

*One of the attorneys for Comprehensive Health Care Systems of the Palm Beaches, Inc.*

Phillip A. Bock
BOCK, HATCH, LEWIS & OPPENHEIM, LLC
134 N. La Salle St., Suite 1000
Chicago, IL 60602
Ph:  312.658.5500
Fax:  312.658.5555
Phil@classlawyers.com

5